### UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

| | | |
|---|---|---|
| **DWIGHT W. WILLIAMS** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:10-cv-00155-TBR** |
| | ) | |
| **CIGNA CORPORATION, d/b/a** | ) | |
| **CIGNA GROUP INSURANCE and** | ) | |
| **CIGNA HEALTH & LIFE INS. CO.,** | ) | |
| | ) | |
| | ) | |
| **AEGON INSURANCE GROUP, d/b/a** | ) | |
| **MONUMENTAL LIFE INS. CO.** | ) | |
| | ) | |
| | ) | |
| **DAVID E. HATCHETT** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CIGNA CORPORATION'S AND MONUMENTAL LIFE INSURANCE COMPANY'S
### MEMORANDUM IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS

Defendants, CIGNA Corporation and Monumental Life Insurance Company

(collectively, the "Corporate Defendants"), by and through their undersigned counsel, hereby

state the following in support of their Rule 12(b)(6) Motion to Dismiss:

### 1.      Introduction--The Complaint

Plaintiff Dwight W. Williams ("Plaintiff") filed a Complaint in the Commonwealth of

Kentucky Livingston Circuit Court (Action No. 1-CI-00153), against Defendants "CIGNA

Corporation d/b/a CIGNA Group Insurance and CIGNA Health & Life Ins. Co.;"[1] "AEGON

---

[1] CIGNA Corporation is a Delaware corporation with its principal office located in Philadelphia, Pennsylvania.
CIGNA Group Insurance is a "service mark" and not a legal entity; CIGNA Health & Life Ins. Co. is not a "d/b/a"
of CIGNA Corporation.

Insurance Group, d/b/a Monumental Life Insurance Co."[2] (collectively, "Corporate Defendants"), and David E. Hatchett.[3]  Pursuant to 28 U.S.C. §§ 1441(a) and 1446, the Corporate Defendants timely removed Plaintiff's case to this Court.  A true and correct copy of the Complaint is attached as Exhibit A to the Notice of Removal.

In Complaint ¶ 8, Plaintiff alleges that he was an employee of Monumental Life Insurance Company.  Plaintiff alleges that Defendants have violated his "rights and benefits" under the short-term and long-term disability plans made available to Monumental Life Insurance Company employees.  *See* Complaint ¶¶ 12, 14.  Plaintiff is seeking short-term and long-term disability benefits and pension benefits from benefit plans "offered as fringe benefits" by Plaintiff's alleged employer, Monumental Life Insurance Company.  *See* Complaint ¶¶ 7, 8, 16, 17, 18, 20, and Complaint's Prayer for Relief.

Plaintiff alleges that "Defendant CIGNA" has, among other things, violated ERISA's fiduciary duty by "[f]ailing to follow the terms of the plan[s]."  Complaint ¶ 17.  The Complaint also alleges that "Defendant CIGNA" has "taken adverse action against an individual for exercising his or her rights under the plan."  *See* Complaint ¶ 17 (emphasis added).  In his Prayer for Relief, Plaintiff seeks, among other things, "a declaration of his rights and benefits under the pension, disability, and retirement plans."

The terms of the plans' governing documents are referred to and central to Plaintiff's Complaint, but he has not attached the plans' governing documents to the Complaint.  However,

---

[2] Monumental Life Insurance Company is an affiliate of AEGON USA, LLC.  AEGON Insurance Group is not an entity known to Monumental Life Insurance Company, and Monumental Life Insurance Company is not a "dba" of AEGON Insurance Group.

[3] Complaint ¶ 4 alleges that Defendant Hatchett "is a citizen of an domiciled in the Commonwealth of Kentucky; Complaint ¶ 11 alleges that Defendant Hatchett is an employee of Monumental; the caption of the Complaint states that Defendant Hatchett's address is 462 W. 4th Street, Russellville, KY 42276.  The Corporate Defendants have no record of any employee by this name in Russellville, Kentucky or otherwise.

as discussed below, the Corporate Defendants can introduce pertinent documents in a Rule 12(b)(6) motion if—as in the instant case—Plaintiff fails to do so. Otherwise, a plaintiff—like Plaintiff Williams—"with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which [he] relies." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## 2.   Standard of Reviewing a Rule 12(b)(6) Motion

In reviewing a Rule 12(b)(6) motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). However, the principle that the Court must accept as true all allegations contained in the complaint does not apply to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

To survive a motion to dismiss, the Complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but it must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To satisfy this standard, the complaint must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Furthermore, the complaint must "contain either direct or inferential allegations respecting all the material elements [of a claim] to sustain a recovery under some viable legal theory." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009). A complaint will be insufficient if it tenders only "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. Consequently, while legal conclusions may

provide the framework of the Complaint, if unsupported by factual allegations, dismissal is appropriate.

In considering a motion to dismiss, it is appropriate for this Court to take account of any relevant plan documents incorporated into the complaint by reference. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *In re Cardinal Health*, 424 F.Supp.2d 1002, 1016 (S.D. Ohio 2006). Courts may consider an ERISA plan's governing documents and instruments not attached to a complaint where a plaintiff's claims are "based on rights under plans which are controlled by the plans' provisions as described in the plan documents" and where the documents are "incorporated through reference to the plaintiff's rights under the plans, and they are central to plaintiff's claims." *Weiner*, 108 F.3d at 89; *see also City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 659 n.6 (6th Cir. 2005) (citing *Weiner* and (considering the impact of annual reports referenced in the complaint and attached to a motion to dismiss).

Accordingly, governing plan documents that Defendants attach to their motion to dismiss "will be considered as part of the pleadings in ruling on Defendants' motion to dismiss." *Hollowell v. Cincinnati Ventilating Co.*, 2010 WL 1742114, at * 4 (E.D. Ky. 2010). In *Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997), the Sixth Circuit explained:

> [A] plaintiff is under no obligation to attach to his complaint documents upon which his action is based. However, a defendant may introduce certain pertinent documents if the plaintiff fails to do so. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss by simply failing to attach a dispositive document upon which it relied.

*Weiner v. Klais*, 108 F.3d at 89. *See also Borman v. The Great Atlantic & Pacific Tea Co.*, 64 Fed. Appx. 524, 2003 WL 21212540, at * 5 n. 3 (6th Cir. 2003) (reliance on affidavit "only to the extent that the affidavit's exhibits disclosed the terms of the ERISA plans at issue" is "proper

under Rule 12 . . . and did not require the conversion of the defendants' motion to dismiss into one for summary judgment, because the ERISA plans were central to [plaintiff's] complaint").

Because the short-term disability, long-term disability, and pension plans' terms are central to Plaintiff's complaint, consideration of the plans' governing documents and instruments, which are attached as Exhibits to the Corporate Defendants' Rule 12(b)(6) Motion to Dismiss does not convert the Motion into one for summary judgment under Rule 56.

### 3.     Arguments

#### A.     The Plans' forum selection clauses and applicable case law defeat Plaintiff's effort to litigate in Kentucky.

Under ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), the terms of the "documents and instruments governing the plan" control.  The U.S. Supreme Court stressed the controlling nature of the "plan document rule" under ERISA § 404(a)(1)(D) in its recent ruling in *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 129 S.Ct. 865, 868 (2009).  In the instant case, those documents and instruments include the forum selection provisions in the three plans—short-term disability, long-term disability, and pension—from which Plaintiff seeks benefits.  The three plans' forum selection provisions require that any litigation involving the three plans must be brought in Cedar Rapids, Iowa.

Defendant Monumental Life Insurance Company is a participating employer in the AEGON USA, Inc. Short-Term Disability Program, the AEGON USA, Inc. Long-Term Disability Plan, and the AEGON USA, Inc Pension Plan[4] to provide short-term and long-term disability plan benefits and pension benefits to Monumental Life Insurance Company employees under the terms of those plans.  The terms of these plans' governing documents are central to

---

[4] The AEGON USA, Inc. Pension Plan's name was changed earlier this year to "AEGON Companies Pension Plan."

Plaintiff's claims, so consideration of the plans' terms does not convert the instant Rule 12(b)(6) motion into a Rule 56 motion.

The AEGON USA Short-Term Disability Program's governing document (Exhibit 1 attached hereto) lists the participating employers at page 13; that list includes Monumental Life Insurance Company.  Monumental Life Insurance Company has been a participating employer in this Program since at least 2004, as evidenced by the list of participating employer's in the Program's governing document from 2004.  (Exhibit 1a attached hereto is the cover page of the 2004 Program document and page 14 with the list of participating employers.)  The Short-Term Disability Program's governing document (Exhibit 1) states at page 10:  "RESTRICTION ON VENUE:  A participant or beneficiary shall bring an action in connection with the Program only in Cedar Rapids, Iowa."

The AEGON Companies Long-Term Disability Plan's governing document (Exhibit 2 attached hereto) lists the participating employers at page 24; that list includes Monumental Life Insurance Company.  Monumental Life Insurance Company has been a participating employer in this Long-Term Disability Plan since at least 2004, as evidenced by the description of benefits for Monumental Life Insurance Company employees and the definition of Participating Employers in the Long-Term Disability Plan's governing document from 2004.  (Exhibit 2a attached hereto is the cover page of the 2004 Program document and pages 6 and 28 with the description of Monumental Life Insurance Company employee benefits and the definition of participating employers.)  The Long-Term Disability Plan's governing document (Exhibit 2) states at page 19:  "RESTRICTION ON VENUE:  A participant or beneficiary shall bring an action in connection with the Plan only in Federal District Court in Cedar Rapids, Iowa."

The AEGON USA, Inc. Pension Plan's governing document (Exhibit 3 attached hereto) defines "Employer" at § 1.31 on page 8 as those employers "listed on Schedule B, which is attached hereto and made a part hereof." One of the employers listed on Schedule B is Monumental Life Insurance Company. The Pension Plan's governing document (Exhibit 3) states at § 9.9 on page 42: "Restriction on Venue. Any Participant or Beneficiary may bring an action in connection with the Plan only in Federal District Court in Cedar Rapids, Iowa . . ."

The AEGON USA, Inc. Short-Term Disability Program, the AEGON USA, Inc. Long-Term Disability Plan, and the AEGON USA, Inc Pension Plan have contained these restrictions on venue since January of 2007.[5]

The proper procedural vehicle for dismissing a case on the basis of a forum selection clause has been the source of considerable debate and some confusion. *See Heinz v. Grand Circle Travel*, 329 F. Supp. 2d 896, 899 n.6 (W.D. Ky. 2004) (collecting cases evidencing a split among the circuit courts of appeals as to whether Rule 12(b)(1), 12(b)(3), 12(b)(6), or 28 U.S.C. § 1404(a) is the answer to the "vexing" question of which is the proper manner to dispose of a case where a party seeks to enforce a forum selection clause).

Late last year, however, the Sixth Circuit stated that "forum selection clause[s] should not be enforced through dismissal for improper venue under FRCP 12(b)(3), because these clauses do not deprive the court of proper venue." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009). Instead, the Sixth Circuit has endorsed Rule 12(b)(6) as the proper method to dismiss a case where a defendant seeks to enforce a forum selection clause. *See Wong v. PartyGaming LTD*, 589 F.3d 821 (6th Cir. 2009). *See also Langley v. Prudential Mortg. Capital Co., LLC*, 546

---

[5] Attached hereto is Exhibit 4, which is the January 17, 2007 written consent for the amendment adding the venue restriction provision, which written consent contains the text of the venue provision and which has the list of plans for which the amendment was made. The list is found on the last page of Exhibit 4. The list includes all three plans at issue in the instant case.

F.3d 365, 369 (6th Cir. 2008); *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 371, 374-76 (6th Cir.1999) (affirming the district court's dismissal pursuant to an unspecified subsection of Federal Rule of Civil Procedure 12(b) to enforce a forum-selection clause); *Lakeview RV Park v. City of Richmond*, 2009 WL 3161381, at * 2 (E.D. Ky. Sept. 25, 2009) (quoting and relying on *Langley v. Prudential Mortg. Capital Co., LLC*).

"[T]he Supreme Court has announced a federal policy favoring enforcement of forum selection clauses and has held that such clauses "should control absent a strong showing that [they] should be set aside." *Wong v. PartyGaming Ltd.*, 589 F. at 826, citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. at 587, 591; *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972). The Court of Appeals in *Wong v. PartyGaming Ltd.* also found that forum selection clauses "significantly implicate federal procedural issues" and, therefore, followed the rule in the majority of Circuits that federal law (not state law) governs the Court's consideration of a forum selection clause. *Wong v. PartyGaming Ltd.*, 285 F.3d at 827-28. The Court of Appeals for the Sixth Circuit was concerned about "the risk of inconsistent decisions" with respect to the enforcement of forum selection clauses. Although *Wong v. PartyGaming Ltd.* involved a diversity case, this same concern about the risk of inconsistent decisions is present in ERISA cases.

In this regard, the U.S. Supreme Court has emphasized the importance of "hewing to the directives of the plan documents that lets employers " 'establish a uniform administrative scheme, [with] a set of standard procedures to guide processing of claims and disbursement of benefits.'" *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 129 S. Ct. 865, 875 (2009), citing *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001) (*quoting Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 9 (1987)); *see also Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83

(1995) (ERISA's statutory scheme "is built around reliance on the face of written plan documents"). Similarly, in *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1023 (C.D. Cal. 2008), the court granted a motion to dismiss on the basis of a plan's forum selection clause, ruling that enforcement of a forum selection clause

> actually advances one of the purposes of ERISA by "bringing a measure of uniformity in an area where decisions under the same set of facts may differ from state to state." The forum selection clause contained in the LTD Plan allows one federal court to oversee the administration of the LTD Plan and gain special familiarity with the LTD Plan Document, thereby advancing ERISA's goal of establishing a uniform administrative scheme.

A forum selection clause should be upheld absent a strong showing that it should be set aside. *Wong v. PartyGaming Ltd.*, 589 F. at 826; *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. at 595. Outside the ERISA context, the Sixth Circuit Court of Appeals has developed a three-pronged test to evaluate the enforceability of a forum selection clause: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Wong v. PartyGaming Ltd.*, 589 F. at 828, citing *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir.1999).

The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Wong v. PartyGaming Ltd.*, 589 F. 3d at 828; *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir.1995).

Under the first prong, the party opposing the enforcement of the clause "must show fraud in the inclusion of the clause itself. *Assocs. of Urology*, 453 F.3d at 722. 'General claims of fraud [] do not suffice to invalidate the forum selection clause.'" *Wong v. PartyGaming Ltd.*,

285 F.3d at 828. Nothing in the Complaint provides the basis for demonstrating that the forum

selection clause was included as a result of any fraud.

Under the second prong, Plaintiff must show that a court in the Northern District of Iowa

would ineffectively or unfairly handle the suit. *Wong v. PartyGaming Ltd.*, 285 F.3d at 829,

citing *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d at 375. Given that Plaintiff's claims

are predicated on ERISA, judges of all federal courts are familiar with the governing law,

Plaintiff cannot satisfy the second prong.[6]

To satisfy the third prong of the Sixth Circuit's three-part test, Plaintiff must show that

enforcement of the clause would be so inconvenient such that its enforcement would be unjust or

unreasonable. *See Wong v. PartyGaming Ltd.*, 285 F.3d at 829-30 citing *Assocs. of Urology*, 453

F.3d at 722-23. This finding must be based on more than the mere inconvenience of the party

seeking to avoid the clause. *Id.* Further, the Supreme Court has held that a forum selection

clause is not unreasonable simply because it appears in a non-negotiated contract. *Carnival

Cruise Lines, Inc. v. Shute*, 499 U.S. at 594. The presumption of reasonableness favoring forum

selection clauses even extends to those included in non-negotiated boilerplate contracts. *See

Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 855 (1991).[7]

In *Wong v. PartyGaming Ltd.*, plaintiffs were on-line poker players in Ohio; they were

"not sophisticated business entities with the ability to negotiate the forum, and continuing the

suit in Gibraltar would no doubt be an inconvenience. Yet even with these considerations, [the

poker players] have not carried their 'heavy burden' of showing that enforcing this forum

---

[6] As discussed *infra*, Plaintiff's claims under Kentucky law are preempted by ERISA.
[7] "When the Supreme Court in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), held enforceable a forum-selection clause printed on the back of a cruise ticket, it brushed aside the arguments that many consumers don't read the fine print in their contracts and do not appreciate the significance, or perhaps even the meaning, of a forum-selection clause." *Rud v. Liberty Life Assurance Co.*, 438 F.3d 772, 776 (7th Cir. 2006).

selection clause would be unjust or unreasonable." *Wong v. PartyGaming Ltd.*, 285 F.3d at 829-30 relying on *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. at 595. By ignoring the plans' forum selection clauses, Plaintiff would be cherry-picking the plan documents for his own convenience. The court in *Schoemann ex rel. Schoemann v. Excellus Health Plan*, 447 F. Supp.2d 1000 (D. Minn. 2006) rejected such an argument and enforced a plan's forum selection clause: "In bringing this suit, [plaintiffs] claim rights under the Plan . . . They must take the bad with the good." 447 F.Supp.2d at 1007. In the instant case, Plaintiff cannot carry his burden to demonstrate that the three plans' forum selection clause fails the Sixth Circuit's three-prong test.

Although the forum selection clause satisfies the three-prong test, Corporate Defendants submit that the three-prong test is not necessary to enforce the plans' forum selection clause. Given the overarching concern that under ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), to administer a plan consistent with the plans' governing documents and instruments and the federal concern for uniformity, the plain language of the plans should be enforced. As discussed above, in *Kennedy*, the U.S. Supreme Court reiterated the importance of compliance with the ERISA plan document rule.

Even without the benefit of the Supreme Court's direction that plans are to be administered according to their terms, the "vast majority" of district courts enforce forum selection clauses in ERISA plans.[8] *See, e.g., Klotz v. Xerox Corp.*, 519 F.Supp.2d 430, 435-36 (S.D.N.Y. 2007). *See also Schoemann ex rel. Schoemann v. Excellus Health Plan*, 447 F. Supp.2d 1000, 1007 (D. Minn. 2006) (enforcing plan forum selection provision); *Rogal v. Skilstaf, Inc.*, 446 F. Supp.2d 334, 338 (E.D. Pa. 2006) (enforcing forum selection clause in

---

[8] Corporate Defendants found and cited herein many cases in the Sixth Circuit enforcing forum selection clauses. Corporate Defendants note that they were unable to find any cases in which the Sixth Circuit Court of Appeals or this Court was presented with a forum selection clause in employee benefit plan.

ERISA action); *Bernikow v. Xerox Corp. Long-Term Disability Income Plan*, 2006 WL 2536590 (C.D. Cal. 2006) (stating that had Congress sought to prevent plaintiffs from waiving the statutory venue provision by private agreement, Congress could have done so by express provision).

Plaintiff's Complaint should be dismissed for failure to file in the venue required by the three plans' unambiguous forum selection clauses.

**B.   Plaintiff fails to allege that he exhausted his administrative remedies with respect to his claims for benefits.**

Plaintiff seeks short-term, long-term, and pension benefits.  The Complaint does not allege that Plaintiff has exhausted his administrative remedies with respect to the three plans from which he seeks benefits.  However, "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir. 1991).  *See also Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453-54 (6th Cir. 1991) (requiring exhaustion before filing a complaint).  Plaintiff has failed to, and cannot in fact, allege that he exhausted his administrative remedies with respect to all the plans from which he seeks benefits in the instant action. Accordingly, Plaintiff's claims for benefits must be dismissed

**C.   Plaintiff's claim for ERISA fiduciary breach is actually a re-packaged claim for benefits, which does not state a claim for relief.**

In *Tackett v. M&G Polymers USA LLC*, 561 F.3d 478, 492 (6th Cir. 2009) , the Sixth Circuit Court of Appeals ruled that dismissal of ERISA fiduciary breach claims is proper, where the claims are merely repackaged claims for individual benefits.  Earlier, the Sixth Circuit Court of Appeal had ruled that because ERISA § 502(a)(1)(B) provides a plaintiff a remedy for the denial of benefits to which he believes he is entitled, a plaintiff does not have a right to a cause

of action for breach of fiduciary duty under ERISA about those same benefits. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-16 (6th Cir.1998). "To rule in [the plaintiff's] favor would allow him and other ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected." *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 428 (6th Cir. 2006) (quoting *Wilkins v Baptist Healthcare Sys., Inc.* and citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996)). *See also Wheatley v. Metropolitan Life Insurance Co.*, 2007 WL 1959203, at * 4 (W.D. Ky. 2007) (a participant who can seek benefits does not have a right to a cause of action for breach of fiduciary duty under ERISA § 502(a)(3) and has no claim for money damages).

Mr. Williams has brought a lawsuit challenging the denial of his benefits under ERISA and, therefore, he cannot challenge the same denial of benefits, seeking money damages for breach of fiduciary duty. Although Mr. Williams ignores the controlling case law, that case law is nonetheless controlling.

### D.   Plaintiff's claim for ERISA fiduciary breach seeks monetary damages for himself, not for the benefit of any plan and, therefore, fails to state a claim.

An individual suing on behalf of himself alleging breach of fiduciary duty under ERISA is not entitled to seek money damages. Neither ERISA § 502(a)(2) nor ERISA § 502 (a)(3), 29 U.S.C. §§ 1132(a)(2) and (a)(3), supplies the sort of remedy that Plaintiff seeks for himself—money damages. *See Kmatz v. Metro. Life Ins. Co.*, 2007 WL 1310146, at *5 (6th Cir. 2007); *Helfrich v. PNC Bank, Kentucky, Inc.*, 267 F.3d 477, 481 (6th Cir. 2001) (dismissing plaintiff's ERISA claim because the relief requested constituted legal damages, not equitable restitution). ERISA restricts plan participants to equitable relief with no recourse to money damages.

Any recovery obtained under ERISA § 502(a)(2) can only "inure to the benefit of the plan as a whole," not to an individual plan participant. *Mass. Mutual Life Ins. Co. v. Russell*, 473

U.S. 134, 140 (1985).  And ERISA § 502(a)(3) allows only for equitable relief, not money

damages.  *See* 28 U.S.C. §1132(a)(3); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S.

204 (2001) (finding that ERISA §502(a)(3) does not authorize petitioners to seek the imposition

of personal liability on respondents for a contractual obligation to pay money because it is akin

to legal relief).  Accordingly, Plaintiff's claim for money damages fails.

### E.   Plaintiff has not alleged the requisite employer conduct and employer specific intent to state a claim for discriminatory adverse action, and he has made that claim against an improper party Defendant.

Complaint ¶ 17 states that Defendant CIGNA "has engaged in violations of" ERISA.

Complaint ¶ 17 contains the only reference in the Complaint to "any adverse action against an

individual for exercising his or her rights under the plan."  Under ERISA § 510, 29 U.S.C. §

1140, it is "unlawful for any person to discharge . . . or discriminate against a participant or

beneficiary for [1] exercising any right to which he [or she] is entitled under the provisions of an

employee benefit plan . . . or for [2] the purpose of interfering with the attainment of any right to

which such participant may become entitled under the plan. . . ."  In short, Plaintiff alleges

generally that CIGNA violated ERISA § 510.

However, Plaintiff does not allege that Defendant CIGNA was his employer or that

Defendant CIGNA terminated or had the authority to terminate his employment.  In *Adcox v.*

*Teledyne, Inc.*, 21 F.3d 1381 (6th Cir. 1994), the Sixth Circuit Court of Appeals ruled that

ERISA § 510 was enacted primarily to prevent employers from discharging or harassing their

employees in order to prevent them from attaining benefits:  "'Congress designed [§1140]

primarily to protect the employment relationship that gives rise to an individual's [benefit]

rights.'  For conduct to fall within the parameters of §1140, it 'must affect the individual's

employment relationship in some substantial way.'" *Adcox v. Teledyne, Inc.*, 21 F.3d at 1391.

*See Hamilton v. Starcom Mediavest Group Inc.,* 522 F.3d 623, 628 (6th Cir. 2008).  Thus, Plaintiff has not alleged how Defendant CIGNA could have violated ERISA § 510.

To state a claim under ERISA § 510, Plaintiff "'must show that an employer had a specific intent to violate ERISA.'"  *Humphreys v. Bellaire Corp.*, 966 F.2d 1037, 1043  (6th Cir. 1992) (quoting *Rush v. United Techs., Otis Elevator Div.*, 930 F.2d 453, 457 (6th Cir. 1991)).  In the ERISA context, the burden-shifting framework first requires Plaintiff to establish his "prima facie" case "by showing the existence of (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Smith v. Ameritech*, 129 F.3d 857, 865  (6th Cir. 1997).  Plaintiff's Complaint does not carry that burden.

The Complaint does not allege sufficient facts to support a claim under ERISA § 510.  In *Hollowell v. Cincinnati Ventilating Co., Inc.*, 2010 WL 1742114 (E.D. Ky. 2010), the Court analyzed the pleading requirement necessary to state a claim under ERISA § 510.  The Court first looked to a recent decision by a sister court within the Sixth Circuit, *Hughes v. America's Collectibles Network, Inc.*, 2010 WL 890982 (E.D. Tenn. March 8, 2010).  In *Hughes*, the court dismissed plaintiff's ERISA § 510 claims for failure to state a claim pursuant to Rule 12(b)(6); the plaintiff in *Hughes* alleged merely that she was a participant in an ERISA-regulated health benefit plan sponsored by her employer, and that her employer "intentionally terminated [her] in order to avoid paying health care expenses...for the purpose of interfering with her protected right to receive ERISA benefits."  2010 WL 890982, at *6.  The court in *Hughes* concluded that the plaintiff's allegations "amounted to nothing more than conclusory legal statements, wholly unsupported by any factual allegations such that dismissal of the plaintiff's § 510 claim was appropriate."  *Id.*

The Court in *Hollowell v. Cincinnati Ventilating Co., Inc.* then turned to another decision by a sister court within the Sixth Circuit, *Gordon v. America's Collectibles Network, Inc.*, 2010 WL 925785 (E.D. Tenn. March 8, 2010), where the plaintiff alleged he was called to a meeting in which "the issue of soaring health costs" was discussed, after which plaintiff asserted he was terminated "in order to avoid anticipated health care expenses, specifically for the purpose of interfering with his protected rights to receive ERISA benefits." *Hollowell v. Cincinnati Ventilating Co., Inc.*, 2010 WL 1742114, at * 5 quoting *Gordon*, 2010 WL 925785, at *1, *5. The defendants in *Gordon* moved to dismiss on the basis of the Supreme Court's decision in *Twombly*, 550 U.S. 544. The court in *Gordon* dismissed, stating that plaintiff merely asserted legal conclusions masquerading as factual allegations. *See Gordon*, 2010 WL 925785, at *6.

Although these rulings by sister district courts in the Sixth Circuit are not binding, the Court in *Hollowell* found *Gordon* and *Hughes* persuasive: "Because the allegations contained in his Complaint amount to nothing more than the fact that Plaintiff was terminated from a job that sponsored an ERISA-regulated plan of which he was a participant and the legal conclusion that he was terminated to interfere with those benefits, Plaintiff has failed to state a claim upon which relief may be granted and Defendants' motion to dismiss [the ERISA § 510] will be granted." Hollowell, 2010 WL 1742114, at * 6.

The Corporate Defendants submit that the Complaint in the instant case, like the claims in *Hollowell, Gordon, and Hughes*, does not satisfy the Supreme Court's pleading requirements under *Twombly* and *Iqbal* or the Sixth Circuit's pleading requirements for an ERISA § 510 claim. According, the Complaint should be dismissed.

**F.    Plaintiff's claims under the Kentucky Unfair Claims Settlement Practices Act and Ky.Rev.Stat § 411.184, as well as his state law claims for compensatory relief and punitive damages, are preempted by ERISA, and such relief is not available under ERISA.**

Complaint ¶ 21 alleges that the Corporate Defendants "have engaged and continue to engage in violations of the Kentucky Unfair Claims Settlement Practices Act to the detriment of Plaintiff Williams concerning insurance benefits and first-party claims." Plaintiff does not anywhere in the Complaint otherwise make reference to "insurance benefits and first-party claims," and the Complaint is devoid of any statement as to what conduct by the Corporate Defendants is allegedly in violation of the referenced state law. Therefore, under Rule 8(a), the Complaint is deficient, and under *Twombly* and *Iqbal*, Plaintiff's state law claim fails to state a claim for which relief can be granted.

Complaint ¶ 23 alleges that "Defendants' conduct constitutes fraud and malice within the meaning of [Ky.Rev.Stat. §] 411.184 and they should be required to answer Plaintiff Williams in punitive damages." This is the only reference in the Complaint to "fraud" or "malice" or Ky.Rev.Stat. § 411.184, which provides a state cause of action to recover punitive damages. Rule 9(b) of the Federal Rules of Civil Procedure states that "malice . . . may be alleged generally." However, Rule 9(b) provides that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." The purpose of Rule 9(b) "is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988). In *Hood v. Smith's Transfer Corp.*, 762 F. Supp. 1274 (W.D. Ky. 1991), this Court ruled that Rule 9(b) must be read in conjunction with Rule 8: "Reading Rules 8 and 9(b) together, plaintiffs alleging fraud must identify the time and place of the fraud, the contents of the alleged misrepresentations or omissions, and the identity of the party or parties perpetrating the fraud." *Hood v. Smith's Transfer Corp.*, 762 F. Supp. At 1289. The Complaint contains no such particularity and, therefore, fails to satisfy Rule 9(b).

Moreover, Plaintiff's state law claims are preempted by ERISA § 514, 29 U.S.C. § 1144. ERISA § 514(a) states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan." 29 U.S.C. §1144(a).  The Supreme Court has interpreted this clause to preempt state law claims that would allow employee benefit plan beneficiaries to "obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Such an interpretation is necessary, according to the Supreme Court, to give effect to Congress's intent "that the civil enforcement provisions of ERISA §502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life*,481 U.S. at 52.  The U.S. Court of Appeals for the Sixth Circuit has emphasized the broad sweep of the ERISA's preemption provision in relation to state law claims based upon an improper denial of benefits, noting that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).

The broad statement of the ERISA preemption rule in *Cromwell* was more recently followed by the Sixth Circuit in *Hutchison v. Fifth Third Bancorp.*, 469 F.3d 583, 587-89 (6th Cir. 2006), and continues to represent the precedent of this Circuit as to the breadth of the preemption clause.  The *Hutchison* ruling relied not only on the *Pilot Life* decision, but the more recent statement of the ERISA preemption rule in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  While the plaintiffs complained in *Davila* that the denial of coverage violated independent legal duties (relating to the standard of care for medical treatment) under state law regulating insurance, the Supreme Court rejected this argument, because the duties were dependent upon the plan-created benefits. *Davila*, 542 U.S. at 212-13.  The Supreme Court also

held that the creation of state remedies were at odds with ERISA's detailed regulatory scheme. *Davila*, 542 U.S. at 220.  *See also Hutchison*, 469 F.3d at 587-89 (following *Davila*).

Under this preemption analysis, Plaintiff's claims under the Kentucky statutes are preempted by ERISA.  Moreover, compensatory and punitive damages are not available remedies for participants under ERISA.  In *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), the plaintiff filed an action in state court for compensatory and punitive damages payable directly to the plaintiff as compensation for the delay in benefit payments.  The defendant removed the case to federal district court, which dismissed the complaint, holding that the state law claims were preempted by ERISA and that "ERISA bars any claims for extra-contractual damages and punitive damages arising out of the original denial of plaintiff's claims for benefits.  *Russell*, 473 U.S. at 137.  The U.S. Supreme Court ruled that ERISA only provides for a plan to recover money damages; ERISA provides no such remedy for a plan participant. *Russell*, 473 U.S. at 140.  *See also Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir. 1987)(punitive damages are not recoverable by a participant under ERISA).

### G.   Plaintiff is not entitled to a jury trial: there is no right to a jury trial as to any of his ERISA claims.

In his Prayer for Relief, Plaintiff demands judgment for compensatory damages, costs and attorney fees, "a declaration of his rights and benefits under the pension, disability and retirement plans . . . and for punitive damages.  Plaintiff further demands a trial by jury trial."  In *Reese v. CNH Am. LLC*, 574 F.3d 315 (6th Cir. 2009), the Sixth Circuit Court of Appeals ruled that there is no right to a jury trial in an ERISA case seeking declaratory and injunctive relief, along with damages.

The Sixth Circuit Court of Appeals ruling in *Reese* reinforced and expanded its earlier rulings in *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990) and *Wilkins v.*

*Baptist Healthcare Systems, Inc.*, 150 F.3d 609, 616 (6th Cir.1998) that ERISA claims are equitable in nature and, therefore, are not eligible for jury trial.  Accordingly, Plaintiff's jury demand should be stricken.

### 4.      Conclusion

Based on the foregoing, Defendants CIGNA Corporation and Monumental Life Insurance Company respectfully requests that the Court deny Plaintiff's motion in its entirety.

Respectfully submitted,

/s/ Michael D. Risley
Michael D. Risley
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone:      (502) 587-3400

David R. Levin
DRINKER BIDDLE & REATH
1500 K Street, N.W.
Washington, D.C.  20005-1209
Telephone:  (202) 230-5181

COUNSEL FOR DEFENDANTS,
CIGNA CORPORATION and MONUMENTAL
LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of CIGNA Corporation's and Monumental Life Insurance Company's Memorandum in Support of their Rule 12(b)(6) Motion to Dismiss was served via CM-ECF on this 26th day of August, 2010, upon:

Mark S. Medlin, Esq.
P. O. Box 457
La Center, KY  42056

and by first class mail, postage prepaid, upon:

David E. Hatchett
426 W. Fourth Street
Russellville, KY  42276

                               /s/ Michael D. Risley
                               Michael D. Risley

TR137:000TR:799517:1:LOUISVILLE