UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| DWIGHT W. WILLIAMS          ) | |
|                                                         ) | |
| **Plaintiff**                              ) | |
|                                                         ) | |
| v.                                                    ) | Case No. 5:10-cv-00155-TBR |
|                                                         ) | |
| CIGNA CORPORATION, d/b/a   ) | |
| CIGNA GROUP INSURANCE and ) | |
| CIGNA HEALTH & LIFE INS. CO., ) | |
|                                                         ) | |
| AEGON INSURANCE GROUP, d/b/a ) | |
| MONUMENTAL LIFE INS. CO.     ) | |
|                                                         ) | |
| DAVID E. HATCHETT                ) | |
|                                                         ) | |
| **Defendants.**                        ) | |

## ORDER

Plaintiff, who alleges that he was an employee of Defendant Monumental (*see* Complaint ¶ 8) brought this action alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Plaintiff is seeking short-term disability benefits, long-term disability benefits, and pension benefits under the terms of employee benefit plans in which employees of Monumental Life Insurance Company participate. Defendants, CIGNA Corporation and Monumental Life Insurance Company (collectively, the Corporate Defendants) filed a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

All of the plans from which Plaintiff seeks benefits contain forum selection provisions that limit the venue of any cause of action in connection with the plans to Cedar Rapids, Iowa, where Defendant Monumental is "domiciled" and has its "principal office." *See* Complaint ¶ 3.

The plans' forum selection provisions form the basis for a Rule 12(b)(6) motion to dismiss under the governing case law of the Sixth Circuit.

In addition, Plaintiff has not alleged he exhausted the claim and appeal procedures under all the plans for which he seeks benefits, even though exhaustion is a prerequisite to stating a claim for relief under ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1). Plaintiff's claim for ERISA fiduciary breach under ERISA §§ 404 and 502(a)(3), 29 U.S.C. § 1104 and 1132(a)(3), is actually a re-packaged claim for benefits, which does not state a claim for relief. Plaintiff's claim for ERISA fiduciary breach seeks monetary damages for himself, not for the benefit of any plan, and therefore fails to state a claim under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. 1132(a)(2) and (a)(3). Plaintiff has not alleged the requisite specific employer conduct and employer intent to state a claim for discriminatory adverse action under ERISA § 510, 29 U.S.C. § 1140.

Plaintiff's claims for compensatory relief and punitive damages under state law are preempted by ERISA 514, 29 U.S.C. § 1144, and such relief is not available under ERISA 502, 29 U.S.C. § 1132(a). Plaintiff is not entitled to a jury trial: there is no right to a jury trial as to any of his ERISA claims.

Based on the foregoing and the submissions of the parties, the Court dismisses this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

AND NOW, this _____ day of _____, 2010, upon consideration of Corporate Defendants' Motion to Dismiss and Memorandum of Law in Support thereof and any opposition thereto,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss be and hereby is **GRANTED.**