UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00155

**DWIGHT W. WILLIAMS**                                                                        **PLAINTIFF**

v.

**CIGNA CORPORATION, d/b/a
CIGNA GROUP INSURANCE and
CIGNA HEALTH & LIFE INS. CO., et. al.**                            **DEFENDANTS**

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Defendants' Motion to Dismiss (DN 7). Plaintiff has responded (DN 16) and Defendants have replied (DN 17). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is DENIED. The matter is ORDERED TRANSFERRED to the District Court in the Northern District of Iowa in Cedar Rapids.

**BACKGROUND**

Plaintiff Dwight W. Williams brings claims under Kentucky statutory and common law as well as under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). While employed with Defendant AEGON Insurance Group, d/b/a Monumental Life Insurance Company ("Monumental"), Williams was covered by several insurance plans, specifically the AEGON USA, Inc. Short-term Disability Program, the AEGON USA, Inc. Long-term Disability Plan, and the AEGON USA, Inc. Pension Plan ("Plans"). According to the Complaint, Williams allegedly suffered injuries that led to a disability that prevented him from performing his duties for Monumental. Monumental determined that he was not disabled on September 21, 2007, and subsequently rescinded short-term and long-term disability benefits.

1

Williams also says that Monumental interfered with his rights to certain pension benefits such as bonuses and stock options.

Williams eventually brought suit in the Livingston Circuit Court against Monumental, Defendant CIGNA Corporation, d/b/a CIGNA Group Insurance and CIGNA Health Life Insurance Company ("CIGNA"), and Defendant David E. Hatchett[1] citing relief under ERISA and several state law claims. The Plans each contain an unambiguous forum selection clause, restricting the venue of legal claims against the Plans to Cedar Rapids, Iowa.[2] In his Complaint, Williams did not attach copies of the Plans, or any other documentation for that matter. In response, Defendants timely removed the action to this Court.

CIGNA and Monumental ("Corporate Defendants" or "CIGNA" or "Monumental") now seek dismissal of Williams's claims under Fed. R. Civ. P. 12(b)(6). With this Rule 12(b)(6) motion, Corporate Defendants have attached summaries of the Plans under which Williams claims relief. Corporate Defendants chiefly argue that the forum selection clauses contained

---

[1] Williams's complaint alleges a number of claims against David Hatchett, who was, according to Williams, Monumental's "duly authorized agent or employee." DN 1-2 at 2. In this motion, Monumental and CIGNA state that neither corporate entity has any employee by the name of David E. Hatchett in Kentucky or otherwise. DN 7-2 at 2.

[2] The Short-Term Disability Program's governing documents include the following clause: "RESTRICTION ON VENUE: A participant or beneficiary shall bring an action in connection with the Program only in Cedar Rapids, Iowa." DN 7-3 at 13. The Long-Term Disability Plan has a similar clause: "RESTRICTION ON VENUE: A participant or beneficiary shall bring an action in connection with the Plan only in Federal District Court in Cedar Rapids, Iowa." DN 7-5 at 22. The documents governing and describing the Pension Plan contains the following language: "Restriction on Venue: Any Participant or Beneficiary may bring an action in connection with the Plan only in Federal District Court in Cedar Rapids, Iowa within two years of the initial adverse benefit determination." DN 7-8 at 9.
Furthermore, the table of contents for the governing documents for each of the Plans contains a section entitled "Restriction on Venue" where the aforementioned clauses can be found. *See* DN 7-3 at 2; DN 7-5 at 2; DN 7-7 at 5.

within the Plans "form a basis for a Rule 12(b)(6) motion to dismiss under the governing case law of the Sixth Circuit."[3] DN 7 at 2. In the alternative, Corporate Defendants charge that dismissal is appropriate under Rule 12(b)(6) for the following reasons: (1) Williams has not alleged that he has exhausted his administrative remedies; (2) as currently pled, Williams's Complaint fails to state a claim for relief; (3) Williams fails to allege the requisite employer conduct and intent for discrimination; (4) Williams's Complaint petitions for improper relief under ERISA such as a jury trial; (5) Williams's state law claims are preempted by ERISA. DN 7 at 2.

Williams objects to this motion on a number of bases. Williams maintains throughout his response that in attaching copies of the Plans to their Motion to Dismiss, Corporate Defendants have converted this Rule 12(b)(6) motion to a motion for summary judgment under Fed. R. Civ. P. 56. As such, Williams argues this Court should allow the parties time to conduct discovery before ruling on the Rule 56 motion. With regard to the forum selection clauses, Williams asserts again that the Plans' governing documents constitute extrinsic materials that should not be considered in the context of a motion to dismiss under Rule 12(b)(6). He also states that the proposed forum of Cedar Rapids, Iowa would prejudice the proceedings, as the witnesses and documentation for this action are located in Kentucky. Finally, Williams says that Corporate

---

[3] The Sixth Circuit has only recently decided that motions to dismiss for failure to abide by forum selection clauses should be reviewed under Rule 12(b)(6) instead of Rule 12(b)(3). *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) ("[F]orum selection clause[s] should not be enforced through dismissal for improper venue under FRCP 12(b)(3) because these clauses do not deprive the court of proper venue."); *see C. Thorrez Industries, Inc. v. LuK Transmissions Systems, LLC*, No. 5:09-cv-01986, 2010 WL 1434326, at *3 (N.D. Ohio April 8, 2010) (interpreting the proposition in *Langley v. Prudential Mortg. Capital Co.*, LLC, 546 F.3d 365, 369 (6th Cir. 2008), that motions to dismiss as a result of forum selection clauses should be addressed under Rule 12(b)(6)).

Defendants' other grounds for dismissal are also improper as he has not been afforded time to conduct discovery or granted leave to amend his complaint.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

## ANALYSIS

**I. Monumental and CIGNA may attach copies of the Plans without converting this Rule 12(b)(6) Motion to Dismiss into a Rule 56 Motion for Summary Judgment.**

Generally, if matters outside the pleadings are presented to the court on a motion to

4

dismiss under Rule 12(b)(6), then the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, "a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings . . . when [that] document is referred to in the complaint and central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (internal citations omitted); *see Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 924 (N.D. Ohio 2009). When this occurs, the defendant may submit an authentic copy of the document to the court without the requirement that the motion to dismiss be converted into a motion for summary judgment. *Greenberg*, 177 F.3d at 514. Past precedent indicates that in ERISA cases, attaching copies of the plan that gives rise to a defendant's motion to dismiss does not implicate Rule 12(d) so long as the plan is incorporated and referenced by the plaintiff's complaint. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Failing to proceed in this fashion would allow "a plaintiff with a legally deficient claim [to] survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id*.

Williams's Complaint refers to the Plans on a number of occasions. Even a cursory review of the Complaint reveals that the rights and liabilities of the parties will be controlled by the language in the Plans' governing documents. Indeed, the items that Corporate Defendants have attached to their Motion to Dismiss are an integral part of this litigation. As such, the Court disagrees with Williams's characterization of the Plans' summaries as "extrinsic materials."

Additionally, this Court is not persuaded by Williams's suggestion that discovery should be conducted before ruling on Corporate Defendant's Motion to Dismiss. The precedent cited by Williams in his response is inapplicable, as discovery is substantially limited in cases arising

under ERISA. *See Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990) ("Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of [the] goal [to resolve disputes inexpensively and expeditiously]."). In reviewing a denial of benefits claim under ERISA, "the district court [is] confined to the record that was before the Plan Administrator." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998).

For these reasons, the Court is able to confront Corporate Defendants' motion using the materials submitted with this Motion to Dismiss without the need for additional discovery.

**II. Forum Selection Clause**

Whether a forum selection clause can be enforced is a matter of federal procedure and thereby decided under federal law. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 827 (6th Cir. 2009). Forum selection clauses are presumed valid and generally "control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Wong*, 589 F.3d at 828.

a. Enforceability of Forum Selection Clause in ERISA cases

The Sixth Circuit Court of Appeals has not addressed whether forum selection clauses contained within ERISA plans are enforceable. The majority of district courts confronted with the question have upheld forum selection clauses in ERISA plans. *See e.g.*, *Rodriguez v. PepsiCo Long Term Disability Plan*, No. C10-01067, 2010 WL 2302292, at *2 (N.D. Cal. June 9, 2010); *Sneed v. Wellmark Blue Cross & Blue Shield*, No. 1:07-CV-292, 2008 WL 1929985, at *3 (E.D. Tenn. Apr. 30, 2008); *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 435-36 (S.D.N.Y.

2007); *Rogal v. Skilstaf, Inc.*, 446 F.Supp.2d 334, 338 (E.D. Pa. 2006); *Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000, 1007 (D. Minn. 2006). Only a few district courts have declined to enforce these clauses in similar circumstances. *See Mezyk v. U.S. Bank Pension Plan*, No. 3:09-cv-384-JPG, 2009 WL 3853878, at *4 (S.D. Ill. Nov. 18, 2009); *Nicolas v. MCI Health & Welfare Plan No. 501*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006).

In applying the clause to ERISA actions, courts in this circuit, as well as others, have analogized the forum selection clauses contained in ERISA plans to mandatory arbitration clauses. *Sneed*, 2008 WL 1929985, at *3; *Klotz*, 519 F. Supp. 2d at 436. Since the Sixth Circuit has upheld arbitration clauses contained in ERISA plans, *Simon v. Pfizer Inc.*, 398 F.3d 765, 773 (6th Cir. 2005), this Court agrees that "[i]f a party can mandate the procedure by which a decision is reached, there is no reason to believe the forum where the decision is made is of greater significance." *Sneed*, 2008 WL 1929985, at *3. Moreover, after a closer review of the venue provision in ERISA, the Court feels that Congress did not intend to usurp the right of private parties to predetermine the situs of anticipated litigation under ERISA. The relevant federal statute provides that actions under ERISA "*may* be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2) (emphasis added). Considering that Congress could have foreclosed the possibility of forum selection clauses by adjusting the statutory text and did not, the Court is persuaded that forum selection clauses are enforceable in ERISA plans.

### b. Reasonableness of Forum Selection Clause

Even if the forum selection clause is enforceable, the Court must still determine whether the clause is reasonable under these particular circumstances. The following factors dictate

7

whether a court should uphold a forum selection clause as reasonable: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828.

Although Williams asserts issues relating to the first and third factors, ultimately his arguments are without merit. Concerning the first factor, Williams states that the Plans' documents containing the forum selection clause were not tendered to him until 2007, after to many of the acts and omissions by the Corporate Defendants.[4] However, "[i]n an ERISA case, a cause of action accrues 'when a fiduciary gives a claimant clear and unequivocal repudiation of benefits.'" *Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees*, 547 F.3d 531, 538 (6th Cir. 2008) (quoting *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 302 (6th Cir. 2006)). Accepting the factual allegations of Williams as true, the benefits for which he is petitioning were rescinded on September 21, 2007. Corporate Defendants aver that the pertinent venue provisions were already in place by that date. Under those facts, Williams cannot be prejudiced by the forum selection clauses' insertion into the Plans' documents. Williams also claims that the documents containing the forum selection clause were part of an adhesion contract and overly sophisticated. Since the Supreme Court has previously upheld forum selection clauses in adhesion contacts, *see Carnival Cruise Lines, Inc. V. Shute*, 499 U.S. 585, 593 (1991), this argument must be rejected.

---

[4] Since Williams is not clear what factor this non-disclosure implicates, this Court construes it as allegedly demonstrating fraud or duress.

As to the third prong, Williams puts forward that the district court in Cedar Rapids, Iowa is an inconvenient forum because the witnesses and documentation for his claims are located in Kentucky. Furthermore, Williams declares that requiring him to visit Iowa to pursue this action is "tantamount to a dismissal with prejudice," as he does not have the resources to litigate his claim in such a distant venue. DN 16 at 10. However, the aforementioned process of ERISA cases belies Williams's arguments that enforcement of the clause is unjust or unreasonable. In all likelihood, Williams is not entitled to a trial with witnesses and discovery; instead, cases for benefits under ERISA are decided on "the record that was before the Plan Administrator." *Wilkins*, 150 F.3d at 615. In reviewing this third prong of forum selection clauses in the context of ERISA, a number of courts come to similar conclusions. *See Rodriguez*, 2010 WL 2302292, at *6; *Sneed*, 2008 WL 1929985, at *3; *Klotz*, 519 F. Supp. 2d at 437. Hence, the district court in Iowa would have little difficulty gathering the proper record before it in deciding the matter - the same record that Williams would be entitled to were his action to be heard in a district court in Kentucky.

As stated above, Williams ultimately has the burden to illustrate to this Court why the forum selection clause should not be enforced. For the above stated reasons, he has failed to meet that burden.

### c. Impact of Forum Selection Clause

As the forum selection clause is valid, the only question left for the Court is how to enforce it. Corporate Defendants seek dismissal of Williams's claim pursuant to Rule 12(b)(6);

9

they do not argue alternatively for transfer of the matter under 28 U.S.C. § 1404(a)[5] to the district court in Cedar Rapids, Iowa. Nor does Williams petition this Court for transfer in the face of this motion.

When forum selection clauses in ERISA litigation have been used as a ground for dismissal, the alternative option of transfer to the appropriate venue has also typically been argued by one or both of the parties. In the vast majority of the cases reviewed by the Court, district courts have chosen to transfer the action rather than dismiss it outright. *See e.g., Sneed*, 2008 WL 1929985, at *3 (granting motion to transfer venue under 28 U.S.C. § 1404(a) over dismissal under Rule 12(b)(6)); *Rodriguez*, 2010 WL 2302292, at *1, 7 (granting motion to transfer venue under 28 U.S.C. § 1406(a) over dismissal under Rule 12(b)(3)); *Testa v. Becker*, No. CV 10-638-GHK, 2010 WL 1644883, at *7 (C.D. Cal. April 22, 2010) (same); *Angel Jet Services, LLC v. Red Dot Building Systems' Employee Ben. Plan*, No. CV-09-2123, 2010 WL 481420, at *5 (D. Ariz. Feb. 8, 2010) (same); *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1021-24 (C.D. Cal. 2008) (same); *Klotz*, 519 F. Supp. 2d at 438 (same); *Schoemann*, 447 F. Supp. 2d at 1007 (granting motion to transfer venue under 28 U.S.C. § 1404(a) over dismissal under Rule 12(b)(6)). Other ERISA actions without the issue of forum selection clauses, yet still examining Rule 12(b)(3) dismissal or transfer under section 1404(a), resulted in similar decisions. *See e.g., Clark v. Transamerica Life Ins. Co.*, NO. 4:09-cv-00877, 2010 WL 2771916,

---

[5] 28 U.S.C. 1404(a) is the proper section under which a motion to transfer could be brought. 28 U.S.C. § 1406(a) concerns change of venue where the venue for a case is improper, while section 1404(a) is implicated in transferring actions between two appropriate venues. While the two statutory provisions differ, the discrepancies are sufficiently minor that the Court is confident that the ERISA cases analyzed below are analogous so as to illustrate the preference for transfer over dismissal.

at *5 (E.D. Ark. June 18, 2010).

District Courts have to power to transfer venue to a district where the case could have been brought "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). The court may also exercise this discretion *sua sponte*. *Carver v. Knox Cnty.*, 887 F.2d 1287, 1291 (6th Cir. 1989). Factors that have been used to steer a district court's decision in transferring an action include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (citing *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995)).

Given the previous decisions that the forum selection clause is enforceable and that ERISA actions do not generally require a hearing with live-witness testimony, the only real factor the Court needs to consider from the list above is the "interests of justice." Dismissal of this action without a proper review of Williams's claims on the merits would not be in the interests of justice. Such a ruling would run counter to the widely held principle that "cases should, as far as possible, be determined on their merits and not on technicalities." *Cooper v. Am. Emp. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961) (describing the liberal construction of the rules that govern amending pleadings). Moreover, total dismissal of Williams's complaint

11

would be grossly inconsistent with the prevailing precedent in ERISA cases where transfer has been determined to be the appropriate remedy for forum selection clauses. Finally, Corporate Defendants will not be prejudiced by the transfer, as the litigation for this claim will take place in the venue that they originally solicited for under the Plans.

Consequently, this matter will be transferred to the Federal District Court in Cedar Rapids, Iowa for further proceedings. This Court does not rule on Corporate Defendants alternative grounds for dismissal.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendants' Motion to Dismiss is DENIED. The Clerk is directed to TRANSFER this case to the United States District Court for the Northern District of Iowa in Cedar Rapids.